## COMMONWEALTH *vs.* EMERY E. COBB & another.

It is no ground of exception that the court, upon the trial of an indictment for adultery on a particular day, refused to instruct the jury that " they must be satisfied that the defendant committed the crime on some particular day or occasion, and that it would not be sufficient for them to be satisfied, from the admissions of the parties, that they committed the crime at some time, without being able in any way to designate that time; " and instructed them that " if the evidence satisfied the jury, beyond a reasonable doubt, that the crime was committed at any time, while the defendants were living together in the same house, they might be convicted, though the time or occasion could not be ascertained more definitely."

A man and woman cannot be jointly convicted of a single act of adultery upon the admission by one of an act of adultery committed at one time, and an admission by the other of a different act of adultery committed at a different time.

INDICTMENT against Emery E. Cobb and Sarah Howard, for adultery with each other on the 1st of May 1857, she being a married woman, and not the wife of the defendant. Trial and conviction in the court of common pleas in Middlesex, at October term 1858, before *Aiken*, J., who signed this bill of exceptions :

" The government introduced a witness, whose testimony tended to prove that in the month of May 1857 Cobb stated to the witness that he and Howard were living together as man and wife ; also that in the month of May 1858 Howard also admitted to the same witness substantially the same matter. It was admitted, on the trial, that Howard was a married woman, as alleged in the indictment. There was other evidence in the case, tending to show that the defendants lived together in the same house with other persons during a portion of the year 1857. The court ruled that the above evidence was competent in the case ; whether it was to be believed, and what weight was to be given to it, was for the jury.

" The defendants requested the court to instruct the jury that, as the indictment charged a single act of adultery, as committed on a particular day, they must be satisfied that the defendants committed the crime on some particular day or occasion ; and that it would not be sufficient for them to be satisfied, from the admissions of the parties, that they committed the crime at some time, without being able in any way to designate that time. The court declined so to instruct the jury, and instructed them that if the evidence satisfied them beyond a reasonable doubt that the crime was committed at any time while the defendants were so living together, they might be convicted, though the particular time or occasion could not be ascertained more definitely. The defendants, feeling aggrieved by the above rulings, except thereto."

*B. F. Butler & W. P. Webster,* for the defendants.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

HOAR, J. These exceptions seem to us rather metaphysical than practical. How the crime of adultery could be committed, except " on some particular day or occasion," it is not easy to perceive. We know no rule of law which requires the jury to designate in their verdict the time at which the offence was committed. A day must be alleged in the indictment, and a day was alleged in this indictment ; but it is not so far material, that it will be a variance if the proof does not show that the crime was committed on the very day alleged. If the proof

shows that the act was committed on any day within the period fixed by the statute of limitations, it is sufficient. Of course the jury must be satisfied that there had been a specific act of adultery committed by the defendants, in order to convict them ; and so they were instructed by the court. But why one act, proved to the satisfaction of the jury, beyond a reasonable doubt, should any the less authorize a conviction, because the jury might also be satisfied from the evidence that the offence had been repeated, we do not understand.

The point argued by the defendants' counsel is, that they could not be jointly convicted of a single act of adultery, upon the admission by one of an act of adultery committed at one time, and the admission by the other of a different act of adultery committed at another time. This is unquestionably correct; but the court were not requested to give any instructions upon this point; nor are the instructions reported in any degree conflicting with it. No such point appears to have been taken at the trial; and whether the question must necessarily have arisen upon the whole evidence, is not clearly shown.

*Exceptions overruled.*