# William B. Jarvis

## *v.*

# Joseph W. Shacklock *et al.*

1. Continuance—*absent witness.* It is not error to refuse a continuance where the affidavit fails to state that the party has no other than the absent witness by whom he could prove the facts relied on by the party.

2. Same—*illness of counsel.* Where a case was called, and passed because of the illness of counsel, and nearly three weeks afterwards the case was again called for trial and a motion was made for a continuance by defendant because his counsel was sick, and the court can see that a fair trial would be prevented by illness of counsel, the case should be continued; but where there are no questions of law, but simply a question of fact, and the evidence is in a small compass, and another attorney could be readily informed of the character of the case, and the defendant was himself an attorney, it is not error to refuse a continuance.

Writ of Error to the Superior Court of Cook county; the Hon. William A. Porter, Judge, presiding.

Mr. J. P. Atwood, for the plaintiff in error.

Messrs. Johnston & Rogers, for the defendants in error.

Mr. Chief Justice Lawrence delivered the opinion of the Court:

We are asked to reverse the judgment in this case, because the motion for a continuance and the subsequent motion for a new trial were both overruled. The continuance was asked on two grounds: the absence of a witness and the illness of defendant's counsel. As to the first, it is only necessary to say that the affidavit does not state the defendant had no other witness by whom he could prove the facts stated in his affidavit as completely as by the absent witness. As to the illness of counsel, it appears that the case was first called on the 25th

of November, and then passed because of the illness of defendant's counsel ; that it stood over until the 12th of December, when defendant was notified by plaintiff's counsel that the cause would be called the next day, and the application for continuance was then made.

Illness of counsel would certainly be a good cause for continuance where the court can see that a fair trial is likely to be prevented by such illness, and the party moving for a continuance has shown no unreasonable carelessness. But this suit is of the simplest character. Its trial involved no question of law, and but one of fact, to wit: whether certain property had been sold through the agency of the plaintiffs. The evidence is in a small compass, and a few minutes' conversation between the defendant and counsel would have enabled any practicing lawyer to try the case as well as if he had been engaged in it from the beginning. The defendant, as appears by the record, is himself a lawyer, and must have perfectly understood that no preparation would be necessary to try a case of this character for any lawyer competent to practice at all.

The motion for a continuance was properly overruled.

The only ground urged in this court in support of the motion for a new trial is, that the verdict is against the evidence. As to that, it is only necessary to say that the evidence is conflicting, and the verdict is not so clearly against its weight as to justify us in reversing the judgment on that ground.

*Judgment affirmed.*