BYERS *v.* McPHEE et al.

An application for the continuance of a cause being addressed to the discretion of the court, nothing short of a plain and arbitrary abuse of right will justify an appellate court in reversing such discretionary judgment.

*Appeal from District Court of Arapahoe County.*

THE facts are stated in the opinion.

Messrs. FRANCE & ROGERS, for appellant.

Messrs. PATTERSON & CAMPBELL, for appellees.

STONE, J. When this cause was called for trial in the court below, on the 20th of June, 1877, application was made on behalf of the appellant for a continuance, or at least, a postponement of the case until certain cases then on trial in the county court, in which both attorneys for appellant were then engaged for the defendants, should be disposed of. The affidavit in support of the motion shows that the case had been set down on the calendar of the district court, for hearing on the 12th of June, 1877; that owing to delay or protracted length of the trial of preceding cases, this cause could not be reached on the 12th, and was not reached until the 20th; that after the case had been set down for the 12th, the attorneys for appellant consented to enter upon the trial on the 18th, of five several cases in the county court, in each of which the defendant,

a corporation, was the same; that neither the county court nor the plaintiffs in said suits would consent to delay the trials; that the nature of the cases were such as to require the attendance of both the attorneys for the appellant; that the nature of this case also was such as would necessitate the attendance of both said attorneys in its trial; that other attorneys could not then be engaged to competently try any of the cases, and the court was therefore asked to delay the trial thereof until the said cases in the county court were disposed of, which affiant believed could be done by the 23d inst. The court thereupon delayed the trial of the case until the next day, the 21st, at which time the first of the said cases in the county court in which said attorneys were then engaged, was concluded, when this cause was called for trial, the attorneys being engaged in the trial of the other cases in the county court, and not appearing in the district court, it was heard *ex parte*, and upon the testimony of the appellees, a verdict of $1,815.84 was given by the jury, and judgment rendered thereon.

On the 23d, the attorneys of appellant, having concluded the trial of their cases in the county court, moved to set aside the verdict, supporting the motion by affidavits setting up substantially the same facts as in support of the previous motion for continuance, and in addition thereto, the affidavit of appellant showing a meritorious defense to the action. Exceptions to the overruling of this motion, and to the denial of the continuance asked, are made the ground for reversal of the judgment in this court.

Two questions arise for consideration: 1st, was there sufficient ground for the continuance asked; and 2d, may the appellate court interfere with a ruling made in the discretion of the court below?

The second question being dependent upon the first, the two may fairly be considered together, since the application for the continuance not resting upon statutory grounds, was necessarily addressed to the discretion of the court purely.

We have examined the cases cited by counsel for appellant, as well as a number of others of like character, in support of the motion for continuance, but are unable to find a single case where such application was made when there was more than one attorney engaged in the case and competent to attend to it. Most of the cases in which the continuance has been allowed, or where a denial has been reversed, is where a single or leading counsel in the case was so ill as to be unable to attend to any business whatever, and other counsel could not be engaged to competently try the case. The case of *Hill* v. *Clark*, 51 Ga. 122, is the only case we have found similar to this, in that there was a conjunction of time of trial of cases in different courts. This had been brought about by an adjourned term of the supreme court. Hill was sole counsel in a case, in which he was also defendant in the superior court, and was also leading counsel, and the one on whom the client chiefly relied in an important case in the supreme court; and upon the adjournment for one month of the latter court, bringing the cases in the two courts together, Hill applied to the superior court for leave of absence to attend his cases in the supreme court, which leave was denied, and judgment taken against him in his absence.

This ruling the supreme court reversed, but it is to be observed that the superior court placed its denial of the application on the ground that it had no legal authority to grant it, and the supreme court placed its reversal on the ground that the superior court was vested by law with full discretion to grant the continuance under a provision of the State Code.

Counsel for appellant contends that there is no difference in principle between attorneys detained in bed by sickness, and being detained in another court in the legitimate discharge of duties, as in this case.

Undoubtedly the principle may apply where the cause of detention is equally unavoidable or excusable ; but here the circumstances are quite different ; there were two attor-

neys, shown to be equally conversant with cases in both courts, and equally competent to try any of them. The case was delayed one day, and until the first of the county court cases had been concluded, and it does not appear from all the circumstances that it was not possible for one of the attorneys then to have attended to the trial of this case, while the other was attending the next of the county court cases.

The case, as the record shows, was not of a complicated character, involving extraordinary skill and labor, but was an ordinary jury trial of an action for work and labor done and materials furnished in the building of a house. The attorneys in the case were law partners, each thoroughly conversant with the case, and the well-known skill and ability of each as a lawyer is a strong argument against their motion. We cannot say that with reasonable diligence neither of these attorneys, after the delay of one day granted them, could in justice to the respective clients in both courts have attended at the trial of this cause.

The court below, vested with discretionary powers in the premises, with all the facts and circumstances of the case before it, has usually the best opportunities to form a just judgment for the exercise of discretion, and nothing short of a plain and arbitrary abuse of right will justify an appellate court in reversing such discretionary judgment. The general rule is so well settled, that we need not cite authorities in its support, that a motion for continuance is addressed to the sound discretion of the court, under all the circumstances of the case, and though an appellate court will supervise the action of an inferior court in such a motion, it will not reverse a judgment on that ground unless such action is plainly erroneous and unjust. In the language of Judge SANDERSON, in *Baily* v. *Taffee*, 29 Cal. 424, this discretion is not a capricious or arbitrary exercise of will, but " an impartial discretion, guided and controlled in its exercise by fixed legal principles. * * * In a plain case, this discretion has no office to perform,

and its exercise is limited to doubtful cases where an impartial mind hesitates. If it be doubted whether the excuse offered is sufficient or not, or whether the defense set up is with or without merit *in foro legis*, when examined under those rules of law by which judges are guided to a conclusion, the judgment of the court below will not be disturbed."

That the appellant in this case may have been injured by failing to avail himself of a possibly meritorious defense to the action, is a matter which this court should certainly regret. In view of this and the fact that the conflict in the hearing of the cases in the two courts was probably owing to no fault of the appellant or his attorneys, and that the appellees could have been little if at all prejudiced by the delay asked, we think the district court might well have granted the application for continuance. Indeed we may go farther, and say, that had there been but one attorney in the case on whom his client relied in the trial, the denial of the motion would appear uncourteous, arbitrary, and an abuse of sound discretion. Members of the bar ought not to hold up the wrongs of their clients as a shield to their own want of diligence and industry ; and on the other hand, courts should not hastily deny, *sic volo*, what is addressed to their sound discretion, when reasonably asked by a perhaps over-worked attorney of the court, perplexed with the multiplicity of the business of exacting clients.

In view of all the circumstances of this case, and considering that the abuse which would inevitably follow a precedent unlimited by fixed boundaries, would entail pernicious results in the practice. and administration of the law, we cannot say that there was such an abusive or erroneous exercise of discretion in the district court as to justify a reversal of the judgment rendered therein.

There being no other question raised by the record that we deem essential or important to determine. the judgment will be

                                        *Affirmed.*