## EPLEY V. THE PEOPLE.

1.   CONTINUANCE—*Discretion*—Whether in a criminal prosecution a continuance shall be granted or refused depends upon the showing made, the gravity of the offense, and other considerations, and is largely in the discretion of the trial court. Unless there is an abuse of discretion its ruling will not be reviewed—(503).                                                         ..

Defendant was accused of illegally selling intoxicating liquors in Larimer County. On the third of the month he was arraigned and pleaded, and the trial was appointed for the eighth of the same month. On the day of trial he appeared in person and by an attorney, and applied for a continuance, alleging as ground thereof that on account of the intervention of two holidays he had not been able to employ counsel until the seventh; that the attorney employed to conduct his defense resided in Denver; that he had not been able to intelligently advise him as to the offense with which he was charged, and that upon that day the attorney was employed in the federal court. No reason was shown for the employment of this particular gentleman, or for not employing some one of the able gentlemen of the bar residing in Larimer County. The counsel who actually conducted the defense appeared to have been entirely competent and the record showed no omission or neglect on his part. *Held*, that in denying the application, no abuse of discretion appeared—(502-504).

2.   WRIT OF ERROR—*Abstract*—An objection not shown by the printed abstract to have been taken below will not be considered—(505).

3.   ——*Harmless Error*—In a prosecution for the unlawful sale of intoxicating liquors the only sales testified of were shown to have been made before the information was presented, and within the statute of limitations; an instruction not limiting the jury in these respects was held harmless—(505, 506).

4.   EVIDENCE—*Party As Witness—Manner in Testifying*—In a criminal prosecution the accused is sworn in his own behalf. The jury may consider his manner in testifying and demeanor upon the stand in determining the weight to be accorded to his testimony, and it is proper to so instruct. Boykin v. the People, 22 Colo. 496, followed—(507).

*Error to Larimer County Court*—Hon. FRED W. STOVER, Judge.

Messrs. STARK & MARTIN for plaintiff in error.

Hon. JOHN T. BARNETT, attorney general, and Mr. ELMER L. BROCK for the people.

Mr. JUSTICE HILL delivered the opinion of the court:

The plaintiff in error was convicted of selling intoxicating liquors in anti-saloon territory; he brings the case here for review upon error.

It is urged that the court erred in refusing to grant a continuance for the purposes of allowing the defendant to secure counsel and prepare for trial. He was arrested on September the 3rd, 1909; arraigned upon the same day; pleaded not guilty and his trial was set for September the 8th following. While the record brought up does not disclose the fact, he was evidently admitted to bail or allowed to go upon his own recognizance, for his affidavit shows that he was in Denver between that date and September the 8th, the date on which his case was set for trial. On the morning of the 8th when his case was called for trial, he appeared in person and by counsel and filed his motion for a continuance, which stated as reasons therefor, that he was not served with the information until the 3rd day of September, 1909; that he had not had sufficient time within which to prepare for his defense; that he had not been served with a copy of the information and was wholly unprepared to proceed with the trial; that by reason of the fact that he had not been served with a copy of the information, he did not know its contents so as to intelligently acquaint his counsel with the crime with which he was charged; that since the time of his arrest until the date set for trial, two legal holidays had intervened and upon account there-

of he was unable to employ counsel until the afternoon of Tuesday, September the 7th; that his counsel was engaged in a hearing before the United States Circuit Court of Appeals on said 8th day of September; that his counsel had not been able to receive a copy of said information and was wholly unprepared to proceed with the trial of the cause. This motion was supported by an affidavit of the attorney, a resident of the city of Denver, also one by the defendant. These affidavits were practically a repetition of the statements in the motion, with no further details or reasons set forth in either.

The matter of granting a continuance is largely in the discretion of the trial court, depending upon the showing made, including the gravity of the offense, and other matters necessary to be considered, and, unless there is an abuse of such discretion, its rulings will not furnish grounds for reversal.—*Byers v. McPhee et al.,* 4 Colo. 204; *Roberts v. The People,* 9 Colo. 458; *Jarvis v. Shacklock,* 60 Ill. 378; *Graff v. Brown,* 85 Ill. 89; *Baumberger v. Arff,* 96 Calif. 261.

It is very questionable whether this motion presents any reason why the defendant should have been allowed any continuance at all, other than to suit the convenience of certain counsel whom he desired to have represent him. There are no facts given why the defendant was entitled to the services of any particular counsel, or why his case could not have been defended by any counsel of ordinary ability. There are no facts presented why the defendant could not have secured counsel in his home City of Fort Collins, the county seat of a large county, a city of considerable population and unquestionably possessed of a very able bar of considerable number, likewise, the adjoining cities of Longmont, Loveland, Greeley and Boulder, all of which, it is common knowledge, have a great many excellent attorneys, and we must assume, in the absence of a

showing to the contrary, that in the exercise of ordinary diligence during the length of time allowed, that the services of many excellent attorneys could have been secured. We do not mean by this that a defendant is not entitled, ordinarily, to the counsel of his choice, and District Attorneys, as well as the courts, in the exercise of a sound discretion, should try to arrange cases so that counsel, as far as consistent, can be accommodated in this respect; but we cannot say that there was an abuse of discretion upon the refusal of the court to grant him a continuance for this reason without any showing why he should have done so, when his own statements are to the effect that he left his home city and many others intervening and came to the city of Denver and procured the services of one counsel only, who, it appears, upon the day set for trial in Fort Collins, was engaged in the trial of another cause in the federal courts in the city of Denver, and that he knew he would be thus engaged when he employed him, and without any showing to the trial court as to why he should have been entitled to the services of this particular counsel, or in what manner his rights would not have been protected by securing the services of other counsel who could have appeared at that time. There is no showing that he attempted to secure other counsel, even in Denver, other than the one who it appears was employed for the purpose of presenting his motion for a continuance, and who the record shows continued in the case thereafter, and conducted the defense. It will be observed that the counsel desired had not theretofore been retained and relied upon to conduct the defense, and, the case as the record shows, was not of a complicated character, involving extraordinary skill or ability upon behalf of counsel. The offense charged is not grave and there is no showing of any fact in the motion for rehearing wherein the defendant's rights were in any manner prejudiced, jeopardized or neg-

lected by failure to grant this continuance. To the contrary, the record discloses that the counsel who did appear and defend appears to have been perfectly able and competent to present and take care of the defendant's side of this contention, and we are unable to believe that the defendant's rights were neglected in this respect.

The second contention urged pertains to the admission of the testimony to establish that the city of Fort Collins was anti-saloon territory. It is stated in the brief of the plaintiff in error that this testimony was admitted, over the objections of the defendant. The attorney general contends that no proper or competent objections were made to any of this testimony. The printed abstract of the record fails to show that any objections were made to it. The question, therefore, is not properly before us for consideration.

Complaint is made to the giving of Instruction No. 4, it reads:

"The exact date of the sale, if any, is not material and need not be proven as alleged. The gist of the offense being the unlawful sale and not the day when it was made. If you find and believe from the whole evidence in the case, that the material allegations have been proven beyond a reasonable doubt, you should convict the defendant in such case, and if you do not so find and believe from the evidence, beyond a reasonable doubt, you should give the defendant the benefit of the doubt and acquit him."

It is contended, that no provision was made in this instruction protecting the rights of the defendant under the statute of limitations may in the event that the sale was made prior to the time that Fort Collins became anti-saloon territory; that under this instruction the jury was justified in finding the defendant guilty, though the sale was made years before the time alleged in the information; also, that the defendant,

could have been found guilty if the sale was made after the filing of the information. We cannot agree with any of these contentions. The instructions must be considered as a whole. Instruction No. 3 advises the jury as to the material allegations in the information which must be proved, as mentioned in Instruction No. 4. No. 3, in part, reads as follows:

"The material allegations which the People must prove beyond a reasonable doubt are that the defendant, on or about the 17th day of last August, within this city, county and state, did unlawfully sell, *   * *   *   and also that the city of Fort Collins was then and there anti-saloon territory."

The jury were further told that no one instruction covers all the law, also that they must find from the evidence beyond a reasonable doubt.

The only evidence of any sale by the defendant was as to sales made on August 17th and 23rd or 24th, so that the jury could not have been misled as to the sales referred to, no other was attempted to be established by the evidence. Hence, under the instructions, the jury could not have found the defendant guilty of making a sale at a date barred by the statute of limitations, or prior to the time that Fort Collins became anti-saloon territory, or subsequent to the filing of the information, for the reason, that there was no evidence before them upon which such a verdict could have been reached. While it is true that instructions of this kind, which advise that the time is immaterial, should limit it within the period of the statute of limitations, on the one side, and the date of the filing of the information on the other, and that in certain cases it would be prejudicial error by a failure so to do, yet we do not think the defendant was in any manner prejudiced by the court's failure to do so. In addition, had he desired to have the question of time more specifically defined, it was his privilege to have offered instructions upon

that subject; not having done so, and being in no way prejudiced upon account of this instruction (even though it was technically erroneous) he has no reason to complain concerning it. Our views concerning the effect of this instruction under the facts of this case, are, in substance, approved in the following cases.— *Phillips v. State,* 45 S. W. (Tex.), 709; *Commonwealth v. Cobb & another,* 80 Mass. 57; *Ferguson v. State,* 52 Neb. 432; *State v. Fry, et al.,* 67 Iowa 475; *State v. Williams,* 43 Pac. (Wash.) 15; *State v. Thompson,* 27 Pac. (Mont.) 349; *State v. Harp,* 3 Pac. (Kan.) 432.

Complaint is also made to the giving of instruction No. 8, which refers to the fact that the defendant had testified as a witness in his own behalf and that in determining the weight to be given his testimony, the jury had the right to take that fact and his demeanor upon the stand, etc., into consideration. The cases of *Banks v. State,* 101 Pac. (Okla.) 610 and *Mitchell v. State,* 101 Pac. (Okla.) 1100 are cited to sustain the defendant's position. Whatever may be the ruling in other jurisdictions, the substance of this instruction was approved by this court in the case of *Boykin v. The People,* 22 Colo. 496, where this matter was thoroughly gone into and the entire question discussed. We find no prejudicial error in this respect.

The judgment is affirmed.　　　*Affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE GARRIGUES concur.

Decided November 6, 1911; rehearing denied December 4, 1911.