## No. 9247.

### MESSER v. THE PEOPLE.

1. APPEAL AND ERROR—*Objections to Evidence,* must be made at the trial. First presented in the motion for a new trial they will be disregarded.
2. —— *Bill of Exceptions.* Rulings in the admission or exclusion of evidence, must, to avail the defeated party, be excepted to at the time, and preserved in a bill of exceptions.
3. ——*Harmless Error.* Will be disregarded.

*Error to Teller District Court, Hon. J. E. Little, Judge.*

Messrs. ALTER & UPTON, for plaintiff in error.

Hon. LESLIE E. HUBBARD, attorney general, and Mr. CHARLES ROACH and Miss CLARA RUTH MOZZOR, assistant attorneys general, for The People.

Opinion by Mr. Justice Allen:

THE defendant below was convicted of larceny, and brings error. The assignments of error, which are argued, relate chiefly to the admission or exclusion of evidence.

A part of the evidence admitted, which is now complained of, was admitted without any objection being made to its introduction at the time of the trial, but objections to which were, for the first time, made in a motion for a new trial.

It is a well settled rule that objections to the admission or to the exclusion of evidence at the trial will not be reviewed on appeal or writ of error unless made at the trial. *Epley v. People,* 51 Colo. 501, 119 Pac. 153; 12 Cyc. 812, citing *Mora v. People,* 19 Colo. 255, 35 Pac. 179, and other cases. Such objections come too late when made, for the first time, on a motion for new trial. 8 Enc. of Pl. & Pr. 217.

Other evidence, discussed in the briefs, was admitted or excluded over the objections of defendant, and the trial court's rulings in such instances are assigned as error. The record shows, however, that no exceptions to such rulings were taken during the trial. In *Kan. Pac. Ry. Co. v. Twombly,* 2 Colo. 559, it was said:

"Therefore, to entitle the defeated party to a review in this court, of errors committed upon the trial, an exception must be reserved at the time, and brought into the record by bill of exceptions, settled and sealed, either at the time of the trial, or afterward, and within a day allowed for that purpose, under the statute, and while the court below may, in its discretion, award a new trial for errors to which no exception was taken or preserved, yet, if it refuse to do so, an exception to the denial of the motion will not suffice to present the matter for review in this court."

The above case was cited by this court in *Holland v. People,* 30 Colo. 94, 69 Pac. 519, where it was held that: "Unless an exception to the ruling of a court on an objection to the introduction of testimony is taken and preserved, alleged errors based thereon will be considered waived."

The same rule applies to rulings excluding evidence. 12 Cyc. 818. If no exception is taken to the exclusion of offered evidence, the ruling can not be assigned as error. 8 Enc. of Pl. & Pr. 238. The plaintiff in error calls our attention to the language used in *Tashima v. People,* 58 Colo. 98, 144 Pac. 200, wherein the court, while following the rule, intimated that under certain circumstances the foregoing rule would not be adhered to. In the instant case, however, no sufficient reason has been shown for a departure from it.

The defendant complains of the conduct of the District Attorney in asking one of the people's witnesses whether or not she was an unwilling witness. Whether or not such conduct was improper need not be considered for the reason that the conduct in question was not objected to at the trial. *Torris v. People,* 19 Colo. 438, 36 Pac. 153; 12 Cyc. 814.

Complaint is also made of the court's requiring the defendant's counsel to testify. No exception was saved to such ruling. Furthermore, the witness did not testify to any fact which was prejudicial to defendant, but on the other hand the testimony was entirely in defendant's favor. The error, if any was committed, was harmless, and did not tend to prejudice the substantial rights of the defendant on the merits. For this reason it does not warrant a reversal. Sec. 1986 R. S. 1908; 4 C. J. 960.

The above disposes of all of the assignments of error that are argued, and for the reasons hereinbefore stated, the judgment is affirmed.

Affirmed.

Chief Justice Hill and Mr. Justice Bailey concur.