## No. 11,248.

### DAUGHERTY *v.* THE PEOPLE.

Decided July 6, 1925.   Rehearing denied September 8, 1925.

Plaintiff in error was convicted of keeping a gambling room.

### *Affirmed.*

### *On Application for Supersedeas.*

1. VENUE—*Change—Court Discretion.* The granting or refusing of a motion for a change of venue on the ground of prejudice of the inhabitants is within the discretion of the court, and this is true although no counter affidavits are filed.

2. APPEAL AND ERROR—*Motion for New Trial.* Unless assigned errors have been specifically presented in the motion for a new trial, they will not be considered on review.

3. CONTINUANCE—*Court Discretion.* The question of granting a continuance is within the discretion of the trial court.

4. SHERIFF—*Disqualification.* A sheriff is disqualified to act in a case when the proper affidavit is filed. Jurors summoned by the sheriff before the filing of such affidavit, are properly held for service.

5. CORONER—*Disqualification.* The coroner may be disqualified to act for the sheriff in a case, in the same manner as is the sheriff.

6. JUDGMENT—*Presumption.* Every intendment is in favor of the regularity of the judgment of the trial court.

7. CRIMINAL LAW—*Jury—Irregular Service—Waiver.* Failing to make objection at the time a jury is impaneled, defendant will be presumed to have waived the objection that the jurymen were served by persons not qualified to summon them.

8. APPEAL AND ERROR—*Sufficiency of Evidence.* In a criminal case where defendant offered no evidence, and there was ample evidence offered on the part of the people to sustain a verdict against him, the judgment will not be disturbed on review on the ground of insufficiency of the evidence to support the verdict.

*Error to the County Court of Moffat County, Hon. John M. Childress, Judge.*

Messrs. WILEY & WAKEMAN, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JEAN S. BREITENSTEIN, for the people.

*Department Three.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

PLAINTIFF in error, defendant below and so designated here, was convicted of keeping a room to be used and occupied for gambling, and permitting the same to be so used. He prosecutes this writ of error and applies for a supersedeas.

The contentions of defendant are that the court below erred in the following particulars: In denying defend-

ant's application for a change of venue; in denying his motion for a continuance; in permitting the jury to be summoned in part by a disqualified sheriff; in permitting the jury to be summoned in part by a disqualified coroner; in overruling defendant's motion for a directed verdict and in overruling his motion for a new trial.

1. The case was set for trial February 4, 1925. The application for change of venue was based on the alleged prejudice of the inhabitants of the county, and made on the day of the trial. No counter affidavits were filed. Defendant argues that because no counter affidavits were filed it was mandatory upon the court to grant the change; that the court had no discretion in the matter. In this we think the defendant is mistaken. We think it was within the discretion of the court to grant or refuse the motion. *Andrews v. People,* 33 Colo. 193, 204, 79 Pac. 1031, 108 Am. St. Rep. 76; *Patton v. People,* 74 Colo. 322, 221 Pac. 1086.

In *Andrews v. People, supra,* the record discloses that no counter affidavits were filed, and only one affidavit filed on behalf of defendant; yet this court held that it was within the discretion of the court to grant or refuse the application. Furthermore, we do not think the question was presented in the motion for a new trial, notwithstanding the claim of defendant that it was covered by paragraph 15 in the motion. That is too general, and if the contention of defendant is correct, all errors complained of might be thus broadly presented. To this we can not agree. Unless specifically presented in the motion it cannot be considered by us. Rule 8 of this Court.

2. The question of granting a continuance is also within the discretion of the trial court. *Griffin v. People,* 76 Colo. 422, 231 Pac. 1113.

The motion for continuance was made on the day of trial. The application was based upon the illness of Mr. Wiley, one of defendant's counsel. Mr. Wiley was taken ill about January 1st, and it does not appear that during that month there was any prospect that he would be able to partici-

pate in the trial of the case. The efficient manner in which the defense was conducted gives no indication that any prejudice or injury resulted to defendant by reason of the denial of the continuance. In addition to the authority cited above, we refer to the following: *Byers v. McPhee,* 4 Colo. 204, 206, *Roberts v. People,* 9 Colo. 458, 465, 13 Pac. 630; *Epley v. People,* 51 Colo. 501, 503, 119 Pac. 153; *Reynolds v. Campling,* 23 Colo. 105, 46 Pac. 639; *Hartford F. I. Co. v. Hammond,* 41 Colo. 323, 325, 92 Pac. 686.

3. The affidavit filed disqualifying the sheriff was also presented on the day of the trial and after the sheriff had summoned seventeen of the twenty-two jurors required. We think this phase of the case is squarely covered in *Hoffman v. People,* 72 Colo. 552, 555, 212 Pac. 848. The court properly disqualified the sheriff when the affidavit was presented, and also properly held for service the seventeen jurors already summoned by that officer. The disqualification of the sheriff was not mentioned in the motion for new trial.

4. Defendant also on the same day filed his affidavit disqualifying the coroner. It is urged by the Attorney General that the statute does not provide for the disqualification of the coroner. While this is true, nevertheless we think the coroner may be disqualified in the same manner as the sheriff. It is quite essential, in the administration of justice that jurors should be summoned by persons who are absolutely fair and impartial and not in any wise prejudiced against a party to the proceedings. The defendant says there were no counter affidavits filed by the district attorney. The filing of counter affidavits is not required. When affidavits are filed showing disqualification of either sheriff or coroner, it is the duty of the court to act, without counter affidavits, and declare the officer disqualified. In *Toenniges v. Drake,* 7 Colo. 471, 4 Pac. 790, this court held that "If the coroner was partial or not indifferent in the matter, two persons called elisors, against whom no cause of challenge existed, were named

by the court to execute the process." It was also held in that case that the provisions of our statutes are but declaratory of the common law rules upon the subject, and that the theory of our legislation is that all process must be served by disinterested and impartial officers or persons. 21 R. C. L. p. 1272.

In the authority last cited it is said, "The law has wisely intrusted the decision of disputes between citizens to persons wholly disinterested and free from bias and the acrimony of feeling so frequently, if not uniformly, engendered by litigation; and the same is equally true of the persons selected to execute the process necessary to the adjustment of such disputes." *Snydacker v. Brosse,* 51 Ill. 357, 90 Am. Dec. 551.

The record in this case discloses that while the defendant objected to the impaneling of the jury on the ground that it was being selected from an open venire, no challenge was made to the array, and no motion to quash the venire or dismiss the jurors summoned, on the ground that any part of the jury was being impaneled from those summoned by either the sheriff or the coroner after their disqualification. The record does not disclose that any challenges were made by the defendant to any of the jurors because they had been so summoned, nor does the record disclose that any challenges whatever were made by the defendant to any of the jurors. Furthermore, there is nothing in the record to indicate that the jury was not a fair and impartial one. Error is not presumed, but must be made affirmatively to appear. Every intendment is in favor of the regularity of the judgment of the trial court. Failing to make his objections at the time the jury was impaneled, the defendant is presumed to have, by his conduct at least, waived the objection that the jurors were served by persons not qualified to summon them. *Hoffman v. People, supra; Peck v. Farnham,* 24 Colo. 141, 49 Pac. 364.

5. The record discloses that the defendant offered no evidence in his own behalf, and there was ample evidence introduced on behalf of the people to sustain the verdict.

Where such is the case, we cannot disturb the findings of the jury, as we have repeatedly held. We think the court did not err in overruling the motion for directed verdict, nor in overruling the motion for new trial. Not finding any error in the record, the judgment should be affirmed.

Supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE CAMPBELL concur.