## No. 11,503.

### GAVIN, ET AL. v. THE PEOPLE.

Decided March 15, 1926.

Plaintiffs in error were convicted of possessing, owning, and operating a still.

## *Affirmed.*

## *On Application for Supersedeas.*

1. INTOXICATING LIQUOR—*Still—Constitutional Law.* Chapter 80, S. L. '25, concerning possession and operation of a still for the manufacture of intoxicating liquors, is constitutional.

2. CRIMINAL LAW—*Sufficiency of Evidence.* In a prosecution for having in possession a still, the contention that the evidence was insufficient to support a conviction, overruled.

3. INTOXICATING LIQUOR—*Proof.* In a prosecution for a violation of the prohibition laws relating to stills, the contention that there was no evidence that the liquor captured was intoxicating, overruled.

4. CRIMINAL LAW—*Intoxicating Liquor—Legislation.* The contention, that as article 22 of the state Constitution prohibits the manufacture of intoxicating liquor for sale and gift only, that the legislature may not prohibit the possession of a still for the manufacture of intoxicating liquor for the owner's use, is overruled. Under the 18th amendment to the National Constitution, the state legislature may pass any law which tends to effectuate the amendment.

5. INTOXICATING LIQUOR—*Statutes—Construction.* If there is any conflict between the provisions of chapter 80, S. L. '25, and section 3720, C. L. '21, concerning ownership of appliances kept for the manufacture of intoxicating liquor, the later act controls.

6. CRIMINAL LAW—*Intoxicating Liquor—Accessory—Instruction.* Two defendants being jointly prosecuted for having possession of a still for the manufacture of intoxicating liquor, it was not error to instruct on the law of accessories.

7. *Still—Possession—Instruction.* In the case under consideration, an instruction of the court that "possession" of a still meant "control over" it, upheld.

8.  ·  *Circumstantial Evidence—Instructions.* In a criminal prosecution, there being sufficient direct evidence to support a conviction, the refusal of an instruction regarding circumstantial evidence held not erroneous.

9.  EVIDENCE—*Circumstantial and Direct—Admissions.* In a criminal case, evidence of admissions by the defendant is direct and not circumstantial.

10. CRIMINAL LAW—*Still—Possession.* In a criminal prosecution for having possession of a still, defendants could legally be found guilty even though their possession was not exclusive, and others were concerned in the crime.

11. CRIMINAL LAW—*Evidence—Instructions.* In a prosecution for violation of the prohibition laws, where it appeared from the evidence that the two defendants conspired for the common purpose of crime, a requested instruction that evidence which tended to connect only one of the prisoners with the crime could not be considered against the other, held properly refused.

*Error to the District Court of Garfield County, Hon. John T. Shumate, Judge.*

Mr. M. G. SAUNDERS, Mr. E. F. CHAMBERS, Mr. J. L. MITCHELL, Mr. JOHN L. NOONAN, Mr. W. F. NOONAN, for plaintiffs in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JEAN S. BREITENSTEIN, Assistant, for the people.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

INFORMATION and conviction for owning, possessing and operating a still. The prisoners bring error.

It is claimed that the so-called Still Act (S. L. 1925, c. 80) is unconstitutional. We have held otherwise. *Roark v. People,* 79 Colo. 181, 244 Pac. 909, decided at the present term. It is claimed that since the act punishes for

the possession of a still "used, *designed* or intended for the manufacture of intoxicating liquor," it subjects one in possession of it to punishment without intent, since the manufacturer of it designed it and the possessor may be holding it for a lawful purpose. When that question arises we will decide it. In the present case the still was used and intended to make whisky. It is argued that the evidence is insufficient. We think otherwise. It would serve no purpose to detail it but the defendants offered no evidence, and, if the jury believed the people's witnesses, they could hardly have acquitted.

It is claimed that there was no proof that the stuff captured with the still was intoxicating, but all the circumstances indicated that it was, one witness so testified and the defendants made no attempt to prove it was not.

It is claimed that since the Constitution, art. XXII, prohibits the manufacture, importation or possession of intoxicating liquor for sale or gift only, the legislature is limited by that article to the prohibition of sale or gift and the manufacture, importation or possession for sale or gift, i. e., that the Constitution has declared a purpose which the legislature may not transcend; that manufacture for one's own use is therefore not prohibited and there is no evidence that the still was to be used to manufacture for sale. However, under the Eighteenth Amendment to the National Constitution, which controls the Constitution of this state, the state legislature may pass any law which tends to effectuate and not defeat said eighteenth amendment.

The information is attacked but these questions are settled in *Roark v. People, supra.* A motion to compel the people to elect likewise. *Roark v. People, supra; Moffitt v. People,* 59 Colo. 406, 412, 149 Pac. 104.

It is claimed that the statute makes it an offense to own what is not the subject of ownership. C. L. § 3720. That may or may not be so, but at all events the later act controls. The theory that such an amendment is

forbidden by the Colorado Constitution, art. V, sec. 24, is unsound. That section forbids the legislature to amend a statute by title only, and requires the amended statute to be set out in full. No attempt was made to amend by title only, and the amendment, if it is such, is set out in full.

The court instructed "that any person, whether acting in his own behalf, or as the agent, servant, officer or employe of any other person, firm, association or corporation, who shall be the owner of, or who shall operate or knowingly have in his possession any still used, designed or intended for the manufacture of intoxicating liquor shall be deemed guilty of a felony."

This is attacked for faulty grammatical construction, and counsel asks, "To what does the pronoun 'who' refer?" Clearly to "person" and the instruction is definite and not hard to be understood by one who does not wish to find uncertainty. It is claimed that there was no evidence that either of the defendants was the agent, servant, etc., but that is a mistake; it appeared that Gavin claimed that he bought and paid for the still for somebody else.

It is objected that there was an instruction as to accessories. That was proper because the two defendants were working together and there was evidence enough to charge either one as either principal or accessory. It is said that there can be no accessory under the act in question, because, by the act itself, every agent, etc., is made a principal, but that is inconsequential because another and familiar act makes an accessory a principal.

The court instructed, in effect, that "possession" meant "control over." That was right in view of the evidence and the statute. Flindt rented the house and Gavin bought and received from the railroad part of the apparatus which was found in the house with other parts that made it complete, and they visited the house together. If at the time the place was raided, they had

control of the house (and the evidence would justify that conclusion), the stuff was in their possession.

The defendants asked an instruction in regard to circumstantial evidence which the court refused, but since there was direct evidence, which, if believed, was enough to convict, this refusal was not erroneous. *Taylor v. People,* 77 Colo. 350, 237 Pac. 159, 161. The direct evidence as to Gavin was an admission by him that he bought and received part of the apparatus. This was direct evidence. *Mitchell v. People,* 76 Colo. 346, 232 Pac. 685, 40 A. L. R. 566.

An instruction was refused that to convict, the possession of defendants must be found to be exclusive. We know of no such law. They might be found guilty even though others were concerned in the crime; i. e., the ownership, possession and operation.

An instruction was refused that evidence which tended to connect but one of the prisoners with the fact which the evidence tended to establish must not be considered against the other, but there was evidence to justify, indeed almost compel, the conclusion that they had conspired for the common purpose of the crime. Lincoln's famous illustration in the debates with Douglas is apt here. If Stephen and James and Roger come with lumber from three directions and the lumber fits to make a house, the conclusion must be that they acted on a concerted plan. All the evidence against either tended to show the furtherance of the plan and so was competent against the other. The instruction was therefore properly refused.

We do not think it necessary to notice here the remainder of the objections. We have considered them and think them unsound.

Supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.