## No. 11,587.

### COLACINO *v.* THE PEOPLE.

Decided January 3, 1927.

Plaintiff in error was convicted of having intoxicating liquor in his possession for personal use.

*Affirmed.*

1. INTOXICATING LIQUOR—*Personal Use—Penalty.* The contention that the legislature has provided no penalty for the possession of intoxicating liquor for personal use, overruled.

2. CONSTITUTIONAL LAW—*Legislative Powers.* The state Constitution is not a grant of legislative power. In the absence of the grants of power to the United States Constitution and the express inhibitions and limitations in the state Constitution, the legislative power of the state is as all embracing and as supreme as the legislative power of the British Parliament.

3. INTOXICATING LIQUOR—*Personal Use—Constitutional Law.* Section 3701, C. L., forbidding possession of intoxicating liquor for personal use, is not unconstitutional.

4. JURY—*Objection—Waiver.* Objection embodied in a motion to quash a panel of jurors is waived by failure to object to any juror for cause or to exercise any peremptory challenge at the time the jury is empaneled to try the case.

*Error to the District Court of Las Animas County, Hon. A. C. McChesney, Judge.*

Mr. FRANK H. HALL, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JEAN S. BREITENSTEIN, Assistant, for the people.

*En banc.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THE defendant was convicted of having in his possession for personal use intoxicating liquors, and prosecutes this writ of error for relief from the consequences of that judgment.

Counsel's contention that the legislature has provided no penalty for the offense charged in the information, is foreclosed by the case of *McConnell v. People,* 73 Colo. 99, 213 Pac. 674.

Counsel further contends that the provision of section 3701, C. L. 1921, under which defendant was convicted, is void, because beyond the purview of article XXII of the state Constitution. Article XXII prohibits the manufacture, importation or possession of intoxicating liquors for sale or gift, and therefore counsel argues that the legislature is without power to prohibit possession of intoxicating liquors for personal use. The answer to this contention is simple and uninvolved. The state Constitution is not a grant of legislative power, and it is elementary that in the absence of the grants of power to the United States Constitution and the express inhibitions and limitations in the state Constitution, the legislative power of the state is as all embracing and as supreme as the legislative power of the British Parliament. So, if the possession of intoxicating liquors for personal use is not expressly forbidden by article XXII, the legislature may in its wisdom, in the exercise of its. unrestricted legislative power with respect to the possession of intoxicating liquors, enact just such a provision as is found in section 3701. *Gavin v. People,* 79 Colo. 189, 244 Pac. 912.

Counsel says that the defendant had an inherent and inalienable right to own and keep in his possession intoxicating liquors for personal use, and therefore insists that the statute is unconstitutional. This court has held otherwise in *People v. Sandy*, 70 Colo. 558, 203 Pac. 671, wherein we quote with approval from *Crane v. Campbell*, 245 U. S. 304, 38 Sup. Ct. 98, 62 L. Ed. 304: "We further think it clearly follows, from our numerous decisions upholding prohibition legislation, that the right to hold intoxicating liquors for personal use is not one of those fundamental privileges of a citizen of the United States which no state can abridge."

It is contended that the court erred in overruling the motion of defendant to quash the panel and requiring him to go to trial with a jury drawn in a manner contrary to the statute. It appears that the board of county commissioners of Las Animas county certified to the clerk of the district court, in February, 1925, a list of 288 "persons qualified for jury duty under the law," instead of drawing 800 names, as required by section 5839 C. L. 1921. These 288 names were regularly placed in the jury box and juries were drawn therefrom for service in the succeeding terms of the district court up to January, 1926, when the panel was drawn from the remaining names in the box, from which was selected the jury for the trial of the defendant. There is nothing in the abstract of the record to show that the jury chosen to try the defendant was not a perfectly fair and impartial one, or that any objections were made by defendant to any juror for cause, or that the defendant exercised any of his peremptory challenges whatsoever. The defendant having failed to object to any one of the jurors for cause, or to have exercised his peremptory challenges at the time the court was impaneling the jury for the trial of his case, he will be presumed to have been satisfied with the personnel of the jury, and to have thereby waived his prior objections made to the panel. In support of the foregoing, see *Daugherty v. People*, 78 Colo. 43, 239

Pac. 14; *Hoffman v. People,* 72 Colo. 552, 212 Pac. 848; *Peck v. Farnham,* 24 Colo. 141, 49 Pac. 364.

Finding no prejudicial error in the record, the judgment is affirmed.

Mr. Chief Justice Allen not participating.