[Crim. No. 4724. Second Dist., Div. Three. Mar. 27, 1952.]

THE PEOPLE, Respondent, v. IRVING ISAAC MISTRIEL et al., Appellants.

Irving Isaac Mistriel, in pro. per., and James William Lawson, in pro. per., for Appellants.

Edmund G. Brown, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendant Mistriel was accused in two counts, and defendant Lawson was accused in one count, of violating section 11500 of the Health and Safety Code in that they unlawfully had in their possession flowering tops and leaves of Indian Hemp (cannabis sativa). Each defendant pleaded not guilty. Lawson admitted an allegation in the information that he had been convicted previously of a felony. Trial by jury was waived. By stipulation the cause was submitted upon the transcript of the preliminary examination. The defendants were adjudged guilty as charged. Their applications for probation were denied. Judgments were that the defendants be imprisoned in the state prison. Defendants appeal from the judgments.

Appellants contend that section 11500 of the Health and Safety Code "is unconstitutional for the reason that it is so vague and ambiguous that it deprives them the right to due process of law." That section provides that ". . . no person shall possess . . . a narcotic except upon the written prescription of a physician. . . ." Appellants argue that said section is a "prescription section" relating entirely to narcotics, and it has nothing to do with marihuana; and that said section cannot be understood without a reading of section 11001 of the Health and Safety Code. Said section 11001 provides that " 'Narcotics,' as used in this division, means any of the following: . . . (h) All parts of the plant Cannabis sativa L., (commonly known as marihuana). . . ." Sections 11001 and 11500 of the Health and Safety Code appear in division X of said code. That division is entitled "Narcotics" and pertains to the regulation and control thereof. It was not necessary that the definition of "Narcotics" appear in section 11500. The contention of appellants is not sustainable.

As a further argument that section 11500 of the Health and Safety Code is invalid, the appellants assert that

marihuana is a beneficial herb and not a narcotic. As above shown, the possession of marihuana is, by statute, a public offense. The Legislature is empowered to enact such a statute.

As stated in the *Matter of Yun Quong*, 159 Cal. 508, at page 515 [114 P. 835]: "[T]he validity of legislation which would be necessary or proper under a given state of facts does not depend upon the actual existence of the supposed facts. It is enough if the law-making body may rationally believe such facts to be established."

Appellants contend further that the "verdict" is against the evidence. This contention is not sustainable. The evidence shows that on March 16, 1951, a deputy sheriff went to a flower stand which was operated by the appellants; he asked appellant Mistriel if he could help him "pick up some marihuana"; Mistriel replied that he was not dealing in marihuana, and at the same time Mistriel took a marihuana cigarette from a pocket of his trousers and gave it to the deputy sheriff, but he refused the deputy's offer to pay for it; on March 29, 1951, that officer and two other officers went to the flower stand and searched the appellants and the premises; they found 5 marihuana cigarettes on the person of appellant Lawson, and some crushed marihuana leaves in the pocket of a smock that was hanging in the stand; they also found a partially burned marihuana cigarette on the floor of Lawson's automobile, and a coffee can containing marihuana seeds and leaves in the trunk of his automobile. The decision of the trial court is supported by the evidence.

The judgments are affirmed.

Shinn, P. J., and Vallée, J., concurred.