[Civ. No. 9568. Third Dist. Apr. 1, 1959.]

RICHFIELD OIL CORPORATION (a Corporation), Appellant, v. FRANCHISE TAX BOARD, Respondent.

332

David Guntert and Robert A. Gaston for Appellant.

Edmund G. Brown and Stanley Mosk, Attorneys General, James E. Sabine and Irving H. Perluss, Assistant Attorneys General, and Edward P. Hollingshead, Deputy Attorney General, for Respondent.

WARNE, J. pro tem.*—This is an appeal from a judgment denying recovery of additional assessments of franchise taxes paid under protest.

The stipulated statement of facts shows that the Franchise Tax Commissioner (hereinafter referred to as the commissioner), on June 27, 1945, mailed to plaintiff, Richfield Oil Corporation (hereinafter referred to as Richfield), a notice of proposed additional assessment, by which Richfield was assessed tax and interest under the Bank and Corporation Franchise Tax Act ( Stats. 1929, chap. 13, as amended) in the total amount of $84,756.14 for the income years 1938, 1939, and 1940. Richfield paid the assessment under protest and filed claims for refund which were denied by the commissioner. An appeal was then taken by Richfield to the State Board of Equalization, which affirmed the commissioner's action in denying Richfield's claim for refund. Thereafter, in accordance with the provisions of section 30, subdivision (b), of the Bank and Corporation Franchise Tax Act, Richfield brought this refund recovery action against defendant, Franchise Tax Board of the State of California, successor to the commissioner. Judgment was for defendant and plaintiff Richfield appealed.

There is no issue as to the correctness of the amounts of tax and interest, or that the assessments were not timely under the provisions of section 25, subdivision (f), of the Bank and Corporation Franchise Tax Act as amended by Statutes of 1943, chapter 37, section 14, page 203, now section 25663a of

*Assigned by Chairman of Judicial Council.

the Revenue and Taxation Code. (Bank and Corporation Tax Law.)

It appears that Richfield filed a written agreement with the United States Commissioner of Internal Revenue for extension of the period for proposing and assessing deficiencies in federal income tax until December 31, 1944, for income years 1938, 1939 and 1940. However, Richfield had no agreement with the commissioner concerning extension of time for notices of additional assessments, nor did it consent to any such extension. Richfield contends that the deficiency assessments were barred under section 25 of the Bank and Corporation Franchise Tax Act, now section 25663 of the Revenue and Taxation Code, which provides as follows: "Except in the case of a fraudulent return, and except as otherwise provided in Sections 25663a and 25663b every notice of additional tax proposed to be assessed shall be mailed to the taxpayer within four years after the return was filed. No deficiency shall be assessed or collected with respect to the year for which such return was filed unless the notice is mailed within the four-year period or as otherwise provided. . . ."

On the other hand, defendant claims that said section 25663 is not controlling as Richfield entered into an agreement with the United States Commissioner of Internal Revenue for an extension of the period for proposing and assessing deficiencies in federal income tax for the income years 1938, 1939 and 1940, and therefore the case falls within the exception provided in section 25663a referred to in section 25663.

Section 25663a provides: "If any taxpayer agrees with the United States Commissioner of Internal Revenue for an extension, or renewals thereof, of the period for proposing and assessing deficiencies in federal income tax for any year, the period for mailing notices of proposed deficiency tax for such year shall be four years after the return was filed or six months after the date of the expiration of the agreed period for assessing deficiencies in federal income tax, whichever period expires the later."

Although the tax and interest here involved were assessed more than four years after Richfield's returns were filed, they were assessed less than six months after the date of the expiration of the period agreed upon between Richfield and the Commissioner of Internal Revenue for assessing deficiencies in federal income tax and thus were timely under section 25663a.

Richfield complains of the distinction made by the Legisla-

ture as between taxpayers which have executed agreements with the Commissioner of Internal Revenue to extend the limitation period for making assessments and those which have not executed such agreements. In the former case, the period for making assessments and filing claims for refund under the Bank and Corporation Franchise Tax Act is extended—in the latter case, it is not. Richfield, while conceding the Legislature has broad discretion in classifying for legislative purposes, contends that section 25663a violates the equal protection clause of the Fourteenth Amendment of the Constitution of the United States, in that it is unreasonable and arbitrary to give the benefit of a shorter period in which deficiencies may be assessed to a taxpayer who does not agree to an extension in respect to his federal taxes than to one who does. Richfield's position is that the distinction transcends reasonable classification. Richfield also contends that the section is violative of section 25 of article IV of the Constitution of California, which prohibits any special law, "Extending the time for the collection of taxes." ▇ In *Dribin* v. *Superior Court*, 37 Cal. 2d 345, 351-352 [231 P.2d 809, 24 A.L.R.2d 864], the court said:

"The following pertinent principles are well established: 'Wide discretion is vested in the Legislature in making the classification and every presumption is in favor of the validity of the statute; the decision of the Legislature as to what is a sufficient distinction to warrant the classification will not be overthrown by the courts unless it is palpably arbitrary and beyond rational doubt erroneous. [Citations.] ▇ A distinction in legislation is not arbitrary if any set of facts reasonably can be conceived that would sustain it.' (*Sacramento M. U. Dist.* v. *Pacific G. & E. Co.* (1942), 20 Cal.2d 684, 693 [128 P.2d 529]; see also *In re Herrera* (1943), 23 Cal.2d 206, 212 [143 P.2d 345]; *Reclamation District* v. *Riley* (1923), 192 Cal. 147, 156 [218 P. 762].) ▇ 'The existence of facts supporting the legislative judgment is to be presumed and the burden of overcoming the presumption of constitutionality is cast upon the assailant.' (*Takahashi* v. *Fish and Game Com.* (1947), *supra*, 30 Cal.2d 719, 728 [185 P.2d 805] (334 U.S. 410 [68 S.Ct. 1138, 92 L.Ed. 1478]); *People* v. *Western Fruit Growers* (1943), 22 Cal.2d 494, 507 [140 P.2d 13]; see also *In re Fuller* (1940), 15 Cal.2d 425, 437 [102 P.2d 321]; *California Physicians' Service* v. *Garrison* (1946), 28 Cal.2d 790, 803 [172 P.2d 4, 167 A.L.R. 306].) ▇▇ The classification should be reasonable; i.e., 'have a substantial relation to a

legitimate object to be accomplished . . . [I]t is not our concern whether the Legislature has adopted what we might think to be the wisest and most suitable means of accomplishing its objects. [Citations.]' (*Lelande* v. *Lowery* (1945), 26 Cal. 2d 224, 232-234 [157 P.2d 639, 175 A.L.R. 1109].) ''

And in *Madden, Executor* v. *Kentucky* (1940), 309 U.S. 83, 88 [60 S.Ct. 406, 84 L.Ed. 590, 125 A.L.R. 1383], the court said:

"The burden is upon the one attacking the legislative arrangement to negative every conceivable basis which might support it."

Applying the above principles to the legislation herein involved we feel that the classification made in section 25663a is reasonable and has substantial relation to legitimate and desirable objectives and is not "arbitrary and capricious."

A comparison of the Bank and Corporation Franchise Tax Act with the federal income tax law shows that in a large part it is based upon and taken from the federal law, and apparently it was anticipated in the early days of the act that federal audits would be utilized in making state audits. Thus, in the report of the California Tax Research Bureau (January 23, 1933), which was submitted to the 1933 session of the Legislature, it was said with reference to the Bank and Corporation Franchise Tax Act on page 88:

"The one year limitation on additional assessments is entirely too short. It renders practically impossible the making of adjustments on the audit of the Federal return and thus enables the taxpayer to escape the payment of taxes rightfully due the State which the Commissioner would not reasonably be expected to assess within one year. The limitation is two years in the Federal act, but should be somewhat longer in the state act to permit adjustments on the audit of the Federal return."

In this regard Congress has recognized the desirability of coordinating the federal law with the state law by providing that information respecting the federal income tax liability of federal taxpayers shall be available to state tax administrators. (Internal Revenue Code of 1939, § 55, subd (b); Internal Revenue Code of 1954, § 6103, subd. (b).)

Obviously information concerning audits and assessments made under the federal income tax law would serve no purpose for state tax administrators if, because of the granting by the taxpayer of extensions to the Commissioner of Internal Revenue for the completion of examinations or audits and the

assessing of deficiencies, the period for assessment of the state tax expired before the federal information was available to the state. Unquestionably, the use of the federal audits results in great savings to the State of California and the taxpayers of the state. It is a fair inference that not only does the use of the federal audits bring about fewer detailed audits by California, but taxpayers are spared the inconvenience and expense of having two detailed audits of their books at their place of business. Further, the period of time for paying deficiency assessments by virtue of section 25663a is not alone for the benefit of the state, because the federal audit may reveal that the taxpayer has made an overpayment on his state income tax and is entitled to a refund. Thus, the taxpayer still could file a timely claim therefor, even though the usual state period of limitation had expired under section 25663a of the Revenue and Taxation Code (Bank & Corporation Franchise Tax Act, § 25, subd. (f).)  ▮  These facts establish that the section is reasonable and proper. Relative costs and difficulties of administration alone are proper factors to be considered in determining whether a statute violates the equal protection clause of the federal Constitution. (*Citizens Tel. Co.* v. *Fuller,* 229 U.S. 322 [33 S.Ct. 833, 57 L.Ed. 1206]; *Carmichael* v. *Southern Coal & Coke Co.,* 301 U.S. 495 [57 S.Ct. 868, 81 L.Ed. 1245, 109 A.L.R. 1327].)

▮  Further the exception mentioned in section 25663a applies equally to all persons within the class to which it is addressed. There is nothing in the statute that prevents any taxpayer from agreeing with the United States Commissioner of Internal Revenue for an extension or renewal of the period for proposing and assessing deficiencies. It is uniform in its operation as to all taxpayers within the general classification who elect to come within its provisions. Hence, we fail to see where there can be any imposition of ''peculiar disabilities of burdensome conditions in the exercise of a common right,'' nor is it ''arbitrary or capricious.'' In the case of *Madden, Executor* v. *Kentucky, supra,* at page 88, the court said: '' [T]he presumption of constitutionality can be overcome only by the most explicit demonstration that a classification is a hostile and oppressive discrimination against particular persons and classes.'' This Richfield has failed to do, hence we hold that the statute is not violative of either the equal protection clause of the Fourteenth Amendment of the Constitution of the United States or the comparable provisions of the Con-

stitution of California, i.e., article I, section 11; article I, section 21; and article IV, section 25.

Richfield also contends that the case falls within the provisions of article IV, section 25, of the California Constitution which prohibits special laws extending the time for the payment of taxes. The 1943 amendment to section 25, subdivision (f) (Rev. & Tax. Code, § 25663a), is not such a special law. The same contention was made and rejected in *Elbert, Ltd.* v. *Nolan,* 87 Cal.App.2d 24 [196 P.2d 88], where a statute extending the time for making a sale to the state in 1933 for delinquent property taxes was extended 61 days from and after July 1, 1933. The court said:

". . . It is to be noted that said provision of the Constitution does not prohibit the extension of time for the collection of taxes, but it does recite that no special law shall be passed extending the time for the collection of taxes. That provision of the Constitution is as follows: 'The Legislature shall not pass local or special laws in any of the following enumerated cases. . . . Thirteenth-Extending the time for the collection of taxes.' Appellants also assert that said 1933 statute was special legislation for the benefit of a particular class, and was in effect a deferment of taxes more favorable to those who had not paid their taxes on July 1st than it was to other persons who had paid their taxes prior to enactment of the statute. These contentions are not sustained. The said statute of 1933 was not a special law. It applies equally to all persons within the class to which it is addressed. It is a general law having a uniform operation upon a class of persons differentiated from another class of persons by reason of the necessities peculiar to the subject matter of the legislation."

Richfield further contends that if section 25663a is constitutional it must be construed to permit assessments of additional tax more than four years after the return was filed only upon the basis of federal net income tax changes; that if construed as permitting additional tax on any basis in addition to federal changes, it becomes unconstitutional on various grounds. In support of these contentions Richfield asserts factually that part of the additional tax assessment was based on matters not reflected in federal changes. But these factual assertions find no support in the agreed statement of facts, nor does it appear that these contentions were made in the trial court. Richfield makes no claim to the contrary in its closing brief.

The stipulation of facts states: "The issue involved herein

is the validity of the 1943 amendment (Statutes 1943, Chapters 37 and 352) to section 25 (now section 25 (f) of the Bank and Corporation Franchise Tax Act, . . . (now Rev. & Tax. Code, § 25663a which is hereinbefore set out verbatim.) We find nothing in the record to even indicate that these contentions, legal and factual, were made before the trial court. Hence they are not properly before this court. ▮ It is a general rule of appellate review, early established and long adhered to, that questions not raised in the trial court will not be considered on appeal. (3 Cal.Jur.2d, § 140, p. 604; *Wood* v. *Moulton,* 146 Cal. 317, 322 [80 P. 92]; *Sommer* v. *Martin,* 55 Cal.App. 603, 610 [204 P. 33]; *Marra* v. *Aetna Construction Co.,* 15 Cal.2d 375, 379 [101 P.2d 490]; *Grimes* v. *Nicholson,* 71 Cal.App.2d 538, 542-543 [162 P.2d 934].)

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.