[Crim. No. 6133. First Dist., Div. Four. May 23, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. HARRY JAY DONOHUE, Defendant and Appellant.

---

Donald F. Roeschke, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edward P. O'Brien and Robert S. Shuken, Deputy Attorneys General, for Plaintiff and Respondent.

CHRISTIAN, J.—Defendant appeals from a judgment of conviction of felony: violation of Health and Safety Code section 11912 (sale of amphetamine, a dangerous drug). Appellant attacks the sufficiency of the evidence to sustain the judgment and asserts that the statute he was convicted of violating is unconstitutional. We uphold the judgment of the trial court.

On September 27, 1965, John Thompson, an agent of the State Bureau of Narcotic Enforcement, met appellant in a bar on Compton Boulevard in Los Angeles County and conversed briefly with him. Thompson then followed appellant along Compton Boulevard to a point where appellant pulled his car over to the curb. Thompson drove up behind him and both men got out.

Thompson then asked how much appellant wanted for a "jar" of amphetamine ("jar" is trade jargon for 1,000 tablets). Appellant said the price was $375 for 10 jars. Thompson did not have that much money so a bargain was struck for 6 jars at a price of $225. Appellant removed from the trunk of his car a large paper sack containing 10 smaller sacks. After removing four of the small sacks, he handed the remainder to Thompson who paid him $225.

Chemical analysis showed that the sacks purchased by Thompson contained 2,240 grams of amphetamine.

The California Legislature at its 1965 session added division 10.5 (commencing with § 11901) to the Health and Safety Code for the purpose of suppressing the misuse of certain drugs defined in the statute as "restricted dangerous drugs." This enactment (Cal.Stats. 1965, ch. 2030, § 1) became effective on September 17, 1965, a few days before the events occurred which gave rise to this appeal. Appellant contends that the evidence is insufficient to support the judgment in that there was no proof that amphetamine is a dangerous drug. He also contends that Health and Safety

Code section 11912, the penalty provision of division 10.5 under which the charge was brought, is unconstitutionally vague in that "dangerous" is a word having so broad a meaning as to be ineffective to give an intelligible warning that certain acts are proscribed. Although these issues are separately stated by appellant, they present a single question regarding the effect of the new enactment.

All the provisions of division 10.5 of the Health and Safety Code which bear on this appeal were part of the original enactment. Section 11901 provides: " 'Restricted dangerous drugs,' as used in this chapter, means any of the following: (a) 'Hypnotic drug' including acetyluria derivatives, barbituric acid derivatives, chloral, paraldehyde, sulfomethane derivatives, or any compounds or mixtures or preparations that may be used for producing hypnotic effects. (b) 'Amphetamine' including amphetamine, desoxyephedrine, or compounds or mixtures thereof." The penalty provisions, sections 11910 to 11915, use none of the pharmacological terms which appear in section 11901; instead, the term "restricted dangerous drugs," having been expressly defined in section 11901, is used repeatedly without further elaboration. Thus the Legislature has expressly defined the term "restricted dangerous drugs" to include, for purposes of prosecutions brought under any provision of division 10.5, the substance known to pharmacology as "amphetamine." Accordingly the information appropriately charged that the defendant sold "a dangerous drug, to wit, amphetamine" and evidence that appellant sold to Thompson a quantity of tablets which upon analysis proved to be amphetamine is sufficient to sustain a conviction.

The foregoing observations dispose of appellant's attack upon the vagueness of the term "dangerous drugs." ▮ As used in the penalty provisions, that term refers exclusively to the substances listed in section 11901. The list includes amphetamine and the penalty provisions can therefore be read as if "amphetamine" were substituted at every point where the words "restricted dangerous drugs" appear.

Arguments similar to those advanced here were considered by the Court of Appeal in *People* v. *Mistriel* (1952) 110 Cal. App.2d 110 [241 P.2d 1050], where it was contended that possession of marijuana could not be punished under the then prevailing provisions of Health and Safety Code section 11500 because the term "narcotics" used in that section is unconstitutionally vague and ambiguous if construed to include

marijuana. The court rejected this argument, pointing out that sections 11001 and 11500 both appear in division X of the code pertaining to the regulation and control of narcotics and that the former section expressly includes marijuana in the definition of the term "narcotics."

The judgment is affirmed.

Devine, P. J., and Rattigan, J., concurred.