[Crim. No. 6174.   First Dist., Div. One.   Jan. 4, 1968.]

THE  PEOPLE,  Plaintiff  and  Respondent,  v.  GEORGE
WAYNE  AGUIAR,  Defendant  and  Appellant.

Robert J. Townsend, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Don Jacobson, Deputy Attorneys General, for Plaintiff and Respondent.

MOLINARI, P. J.—Defendant, on his appeal from a judgment of conviction for possession of marijuana in violation of section 11530 of the Health and Safety Code,[1] makes the sole

[1]Unless otherwise indicated, all statutory references are to the Health and Safety Code.

contention that said section is unconstitutional under the equal protection clause of the Fourteenth Amendment of the United States Constitution.

The bulk of defendant's argument, as set out in his briefs before this court, consists of a law review article[2] the thesis of which is that it is irrational to penalize simple possession for private use of marijuana, especially when similar possession of alcohol is not punished. ▮ In considering defendant's argument we note, preliminarily, that articles in law journals, while often persuasive and sometimes the catalyst in legislative change, are not binding upon the courts as judicial precedents.

▮ An argument similar to that made in the instant case was urged in *People* v. *Glaser,* 238 Cal.App.2d 819 [48 Cal. Rptr. 427] (cert. den. 385 U.S. 880 [17 L.Ed.2d 107, 87 S.Ct. 164]),[3] where, after taking cognizance that the courts have often upheld the constitutionality of California statutes prohibiting the possession of narcotics and dangerous drugs (see *Matter of Yun Quong,* 159 Cal. 508, 511-515 [114 P. 835, Ann.Cas. 1912C 969] ; *People* v. *Mistriel,* 110 Cal.App.2d 110, 111-112 [241 P.2d 1050] ; *People* v. *Oliver,* 66 Cal.App.2d 431, 434-435 [152 P.2d 329], and see *People* v. *Hicks,* 222 Cal.App. 2d 265, 271-272 [35 Cal.Rptr. 149] ; and *People* v. *Shephard* 169 Cal.App.2d 283, 287 [337 P.2d 214]), we held, relying upon the rationale of *People* v. *Mistriel, supra,* and *Matter of Yun Quong, supra,* that section 11530 is constitutional. In *Yun Quong,* dealing with opium, and in *Mistriel,* dealing with marijuana, the reviewing court rationalized that if reasonable men may entertain the belief that the use of these drugs, once begun, almost inevitably leads to excess, such belief affords a sufficient justification for applying restrictions to these drugs. In *Yun Quong, supra,* it is stated at page 515 that: ''[T]he validity of legislation which would be necessary or proper

[2]Boyko and Rotberg, *Constitutional Objections to California's Marijuana Possession Statute* (1967) 14 U.C.L.A. L.Rev. 773. The authors quote extensively from factual studies of the nature and use of marijuana in an attempt to demonstrate that marijuana is not an addictive nor a disabling drug such as heroin or other opiates, but rather is a euphoric such as alcohol and is no more harmful than, and possibly less harmful than, alcohol. At worst, the authors argue, marijuana, like alcohol, may become a habit, may adversely affect the user's social relationships, and may temporarily distort his perceptions.

[3]In *Glaser* the defendant alleged that marijuana is harmless, that it may properly be cultivated commercially or as a garden plant and that it may be possessed as a medicine or ornamental bush. He therefore asserted that it was as unconstitutional to prohibit its mere possession as it would be to prohibit the mere possession of an intoxicating beverage.

under a given state of facts does not depend upon the actual existence of the supposed facts. It is enough if the law-making body may rationally believe such facts to be established.'' (See also *Miller* v. *Board of Public Works,* 195 Cal. 477, 490 [234 P. 381, 38 A.L.R. 1479].)

█ The foregoing rationale was stated in *People* v. *George,* 42 Cal.App.2d 568, 573 [109 P.2d 404]: ''The enactment of laws for the protection of society is for the legislature and not for the courts unless a constitutional right is clearly violated by the statute. The courts must view such a statute . . . as intended to promote the general welfare and to protect the public interest. It is beyond our province to go behind the findings of the legislature and determine that there did not exist conditions which would justify the enactment. It is only when, beyond reasonable doubt, all rational men would agree that the factual background did not warrant the enactment of a statute which was ostensibly designed to preserve the general welfare that we can say that a statute is arbitrary and capricious.'' (See also *Southern Pac. Co.* v. *Railroad Com.,* 13 Cal.2d 89, 121 [87 P.2d 1055]; *People* ex rel. *Mosk* v. *National Research Co. of Cal.,* 201 Cal.App.2d 765, 772 [20 Cal.Rptr. 516]; *Lawton* v. *Board of Medical Examiners,* 143 Cal.App.2d 256, 261 [299 P.2d 362].)

██ In addition to the foregoing principles, the following are also firmly established rules for determining the constitutionality of a statute: (1) A statute is presumed to be constitutional unless its unconstitutionality clearly and unmistakably appears, all intendments favor its validity, and mere doubt is not a sufficient reason for a judicial declaration of its invalidity (*Fox etc. Corp.* v. *City of Bakersfield,* 36 Cal.2d 136, 141 [222 P.2d 879]; *Lockheed Aircraft Corp.* v. *Superior Court,* 28 Cal.2d 481, 484 [171 P.2d 21, 166 A.L.R. 701]; *In re Cregler,* 56 Cal.2d 308, 311 [14 Cal.Rptr. 289, 363 P.2d 305]; *Hart* v. *City of Beverly Hills,* 11 Cal.2d 343, 348 [79 P.2d 1080]); (2) the burden of overcoming the presumption of constitutionality is upon the assailant (*Higgins* v. *City of Santa Monica,* 62 Cal.2d 24, 31 [41 Cal.Rptr. 9, 396 P.2d 41]; *People* v. *Western Fruit Growers,* 22 Cal.2d 494, 507 [140 P.2d 13]); and (3) the existence of facts supporting the legislative judgment being presumed (*Dribin* v. *Superior Court,* 37 Cal.2d 345, 352 [231 P.2d 809, 24 A.L.R.2d 864]), the reviewing court is limited to such facts as appear upon the face of the enactment, together with such others as are a matter of judicial cognizance (*Los Angeles County etc. Dist.*

v. *Hamilton,* 177 Cal. 119, 125 [169 P. 1028]; *Monterey County Flood Control & Water Conservation Dist.* v. *Hughes,* 201 Cal.App.2d 197, 201 [20 Cal.Rptr. 252]).

In the present case defendant has not attempted to show that the original enactment of section 11530 was unreasonable. Instead, the thrust of his argument is that the statute should now be declared unconstitutional because there is no longer any rational basis for it. ■ In this regard we first point out that it is not our province to weigh the desirability of the social policy underlying the statute or to question its wisdom. (See *Allied Properties* v. *Department of Alcoholic Beverage Control,* 53 Cal.2d 141, 146 [346 P.2d 737].) These are purely legislative matters. As stated in *Fox, supra,* at pp. 141-142, quoting Cooley (1 Cooley's Constitutional Limitation, 8th ed. p. 341), " '[A]n act may not be held to be unconstitutional merely because it may contain provisions which seem to be unjust or oppressive, or because it may be deemed to violate the natural, social or political rights of citizens, unless it appears that those features of the act contravene rights which are guaranteed by the Constitution.' "

Defendant's argument is essentially a due process argument. He contends that it is irrational to penalize the possession for private use of marijuana because there is no rational social purpose to be served by the criminal statute. ■ The test of legislation under the due process clause of the Constitution is that there be some evidence on the basis of which the Legislature could enact the statute. (See *Ferguson* v. *Skrupa,* 372 U.S. 726, 729-731 [10 L.Ed.2d 93, 96-97, 83 S.Ct. 1028, 95 A.L.R.2d 1347]; *Williamson* v. *Lee Optical of Okla., Inc.* 348 U.S. 483, 488, 491 [99 L.Ed. 563, 572, 574, 75 S.Ct. 461].) Accordingly, no valid objection to the constitutionality of a statute under the due process clause may be interposed "if it is reasonably related to promoting the public health, safety, comfort, and welfare, and if the means adopted to accomplish that promotion are reasonably appropriate to the purpose." (*Higgins* v. *City of Santa Monica, supra,* 62 Cal.2d at p. 30; *Allied Properties* v. *Department of Alcoholic Beverage Control, supra,* 53 Cal.2d at p. 146.)

Defendant does not argue that there is no evidence that marijuana may produce antisocial phenomena. On the contrary, he cites such evidence and then proceeds to refute it with other evidence. ■ We judicially notice that the view that the use of marijuana, once begun, leads to excess is entertained by many eminent medical authorities, some of whom,

while of the opinion that marijuana does not produce physical addiction, believe that it does produce a serious degree of psychological dependence, that it encourages experimentation with other drugs, and that it may lead into addiction to narcotics. We also judicially notice that there are other respected medical authorities who are of the opinion that marijuana is harmless, is not habit forming and does not lead into addiction to narcotics, and that some of these authorities hold that marijuana is no more harmful, and possibly less harmful, than alcohol. ▮ Under this state of affairs it is not for this court to weigh fact-finding studies against each other. This is a legislative function and we leave it to the Legislature to determine whether in its wisdom a change in or repeal of existing laws is warranted. So long as there is some evidence on which section 11530 could be based, the court must uphold it provided that it does not invidiously discriminate against any group and that it does not intrude on specially protected areas enumerated in the Bill of Rights, such as the freedom to hold and express ideas or the right to associate freely with persons of one's own choice.

▮ We point out that there is no constitutionally protected right to indulge in the use of euphoric drugs. Defendant has cited no authority to the contrary, but asserts that since alcohol, like marijuana, is a euphoric, the possession of marijuana should be a constitutionally protected right as is the possession of alcohol. To this we respond that although the state does not now penalize the possession of alcohol acquired through lawful channels, it may do so if it chooses. (*Crane* v. *Campbell*, 245 U.S. 304, 307-308 [62 L.Ed. 304, 309, 38 S.Ct. 98]; *In re Polizzotto*, 188 Cal. 410, 412-413 [205 P. 676]; *In re Ajuria*, 188 Cal. 799 [207 P. 516]; *Colacino* v. *People*, 80 Colo. 417 [252 P. 350]; *Ziffrin, Inc.* v. *Reeves*, 308 U.S. 132, 138-139 [84 L.Ed. 128, 135, 60 S.Ct. 163]; *Allied Properties* v. *Department of Alcoholic Beverage Control, supra*, 53 Cal.2d at p. 147.) As stated in *Allied Properties, supra*, "A state has particularly wide powers with respect to the manufacture of and traffic in alcoholic beverages and may provide for their prohibition or impose such conditions and regulations as it may deem proper. [Citations.]" And in *Mugler* v. *Kansas*, 123 U.S. 623, 662 [31 L.Ed. 205, 211, 8 S.Ct. 273], we find the following pertinent language: "[T]he right of each citizen to manufacture intoxicating liquors for his own use as a beverage . . . does not inhere in citizenship." (See *People* v. *Glaser, supra*, 238 Cal.App.2d at p. 825.)

Turning to defendant's equal protection argument that the Legislature has not prescribed penalties for the possession of alcohol, allegedly as antisocial an act as possession of marijuana,[4] we apprehend that its thesis rests upon the claim of unconstitutional classification. In considering this argument we give due regard to the established principles that the Legislature is vested with wide discretion in making the classification and that its decision as to what is a sufficient distinction to warrant the classification will not be overthrown by the courts unless it is palpably arbitrary and beyond rational doubt erroneous. (*Sacramento Mun. Util. Dist.* v. *Pacific Gas & Elec. Co.*, 20 Cal.2d 684, 693 [128 P.2d 529]; *State of California* v. *Industrial Acc. Com.*, 48 Cal.2d 365, 371 [310 P.2d 7]; *Richfield Oil Corp.* v. *Franchise Tax Board*, 169 Cal.App.2d 331, 335 [337 P.2d 237].) The following rules are applicable: Only invidious discrimination offends the equal protection clause (*Ferguson* v. *Skrupa, supra*, 372 U.S. at p. 732 [10 L.Ed.2d at p. 98]); the Legislature need not treat similar evils identically or legislate as to all phases of a field at once (*Williamson* v. *Lee Optical of Okla., Inc., supra*, 348 U.S. at p. 489 [99 L.Ed. at p. 573]); legislative classification is permissible when it is based upon some distinction reasonably justifying differentiation in treatment (*City of Walnut Creek* v. *Silveira*, 47 Cal.2d 804, 809 [306 P.2d 453]; *County of Colusa* v. *Strain*, 215 Cal.App.2d 472, 479-480 [30 Cal.Rptr. 415]); a classification is not void because it does not embrace within it every other class which might be included (*Sacramento Mun. Util. Dist.* v. *Pacific Gas & Elec. Co., supra*); and, "A distinction in legislation is not arbitrary if any set of facts reasonably can be conceived that would sustain it." (*Sacramento Mun. Util. Dist.* v. *Pacific Gas & Elec. Co., supra.*)

In the present case defendant makes no showing that any wrongful discrimination or other impure motive exists for the alleged disparity between the treatment of alcohol and marijuana. (Cf. *Yick Wo* v. *Hopkins*, 118 U.S. 356, 374 [30 L.Ed. 220, 227-228, 6 S.Ct. 1064]; *Takahashi* v. *Fish & Game Com.*, 334 U.S. 410, 420 [92 L.Ed. 1478, 1488, 68 S.Ct. 1138]; *Truax* v. *Raich*, 239 U.S. 33, 41 [60 L.Ed. 131, 135, 36 S.Ct. 7]; *Korematsu* v. *United States*, 323 U.S. 214, 216 [89 L.Ed. 194, 199, 65 S.Ct. 193]; *Kotch* v. *River Port Pilot Comrs.*, 330 U.S. 552, 556 [91 L.Ed. 1093, 1096, 67 S.Ct. 910]; *Brown* v.

---

[4]For the theory of this argument see Tussman and tenBroek, *The Equal Protection of the Laws* (1949) 37 Cal.L.Rev. 341, 346, 348-349.

*Board of Education,* 347 U.S. 483, 495 [98 L.Ed. 873, 881, 74 S.Ct. 686, 38 A.L.R.2d 1180].) Moreover, what we have already stated with respect to defendant's due process argument is applicable here. The facts which we may judicially notice are such that it may be reasonably said that the Legislature is warranted in concluding that the use of alcohol is not as antisocial as the use of marijuana or that the differences inherent in these euphorics reasonably justify differentiation in treatment. Suffice it to say that in light of present medical attitudes towards marijuana, we cannot say that the proscription against the possession of marijuana is palpably arbitrary and erroneous beyond rational doubt.

It should be here noted that there is a crucial difference between possession of alcohol and possession of marijuana. The possessor of alcohol in this state may acquire it through legal means. Marijuana, on the other hand, while it may lawfully be obtained by prescription (§§ 11330, 11161) is usually obtained by the possessor directly or indirectly as a party to a criminal transaction, namely, the sale or importation of marijuana in violation of federal or state law.[5]

In conclusion, we note that the principles of *Griswold* v. *Connecticut* (1965) 381 U.S. 479 [14 L.Ed.2d 510, 85 S.Ct. 1678], and *In re Klor* (1966) 64 Cal.2d 816 [51 Cal.Rptr. 903, 415 P.2d 791] are not applicable. *Griswold* invalidated criminal punishment of the use of contraceptive devices on the ground that such sanctions violate the constitutional right to freedom of control over the private incidents of the marital relationship. The opinion implies that the federal Constitution protects certain aspects of individual privacy even when those facets are not specifically named in some provision of the Bill of Rights. *Griswold* rests heavily on the necessity of protecting the right of association within the marriage relationship itself, one of the most fundamental institutions in our society. Defendant invokes no analogous principle to protect the right to use euphoric drugs but attempts the analogy by arguing the proposition stated in Justice Goldberg's concurring opinion in *Griswold* that society may not intrude on protected areas of personal freedom without a showing of legitimate governmental purpose. No such purpose, it is argued, can be shown for section 11530 because marijuana has not been shown to cause antisocial conduct, crime, addiction to the

---

[5]It is not contended by defendant that the statutes penalizing sale or possession for purpose of sale of marijuana are invalid. (See §§ 11530.6, 11531, 11532, 11610-11629.)

dangerous opiates such as heroin, or any other clear-cut social evil. As already demonstrated, whether marijuana causes antisocial conduct is a debatable question upon which facts can be marshalled for both sides, and the resolution of this question is not a judicial function.

*In re Klor, supra,* 64 Cal.2d 816 is also cited for the proposition that the Constitution protects private conduct from governmental invasion. In that case the California Supreme Court invalidated a construction of a penal statute that would have outlawed the preparation of obscene materials for private gratification. *Klor* deals specifically with a protected First Amendment right, the freedom of expression, and holds that no constitutionally punishable conduct appears in the case of an individual who prepares allegedly obscene material for his own use or for such personal satisfaction as its creation affords him. It does not hold that the Constitution protects *all* private conduct from governmental invasion. As we have pointed out above, statutory interference with private conduct that consists of the possession of drugs which the Legislature has reasonably determined to be dangerous to their users or the public is not unconstitutional.

We conclude that the state may punish the possession of marijuana for private use and that section 11530 is therefore constitutional.

The judgment is affirmed.

Sims, J., and Elkington, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 28, 1968.