Don HUNTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 44616.

Court of Criminal Appeals of Texas.

May 17, 1972.

Rehearing Denied July 12, 1972.

Jordan, Ramsey & Bradley by Scott Bradley, Dallas, for appellant.

Henry Wade, Dist. Atty., Harry J. Schylz, Jr., Asst. Dist. Atty., Dallas, and

Jim D. Vollers, State's Atty., Austin, for the State.

### OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for sale of marihuana. Punishment was assessed by the jury at ten years.

The record reflects that Officer Taylor, of the Richardson Police Department, working as an undercover officer, purchased two "lids" of marihuana from appellant on March 24, 1970, in Dallas County, for thirty dollars. The sufficiency of the evidence is not challenged.

Appellant asserts numerous grounds of error in his briefs, only two of which comply with Art. 40.09, Sec. 9, Vernon's Ann. C.C.P. All other contentions are neither briefed nor discussed.

■ Appellant urges that the court erred in refusing to grant appellant's motion for mistrial, when witness Taylor testified that appellant had sold him LSD on March 7, 1969, for the reason that the same was an extraneous offense and prejudiced the jury to the extent that no instruction could have removed the harm.

The record reflects that on cross-examination of Officer Taylor, the following occurred:

"Q Did he sell you some on March the 7th?

"A Lou Spencer and Don Hunter (appellant) sold me some LSD on March the 7th.

"Mr. Bradley: We object to that and move— ask the court for a mistrial."

The court sustained the objection and overruled the motion for mistrial.

Appellant urges that the sole subject on direct and cross-examination had been marihuana or "grass" and that the examinations and responses could only lead one to rationally believe that marihuana was the subject of inquiry.

In Mays v. State, Tex.Cr.App., 428 S. W.2d 325, the following occurred on cross-examination by appellant's counsel:

"Q Mrs. Haynes, you say that he took you by the arm to the register, did he have any weapons with him?

"A I didn't see a knife the last time but the two previous times he showed a knife and pulled it on me."

Appellant moved for a mistrial and same was overruled. This Court said:

"While that portion of the witness's answer: 'but the two previous times he showed me a knife and pulled it on me' was unresponsive and tantamount to evidence of extraneous offenses, no request was made by appellant for an instruction by the court to disregard the testimony. This it was incumbent upon him to do to preserve the error. Perkins v. State, Tex.Cr.App., 213 S.W.2d 681; White v. State, 164 Tex.Cr.R. 416, 299 S.W.2d 151; Paredes v. State, Tex.Cr.App. 368 S.W.2d 620. We do not agree that, under the record, an instruction by the court could not have cured the error. It should also be observed that appellant, by his continued cross-examination of the witness with reference to the two prior occasions she related he came into the store, waived his objection to the testimony. Further, it was appellant rather than the state who elicited the unresponsive answer of the witness."

As in Mays v. State, supra, in the instant case, no request was made by appellant for an instruction to disregard the testimony. See Howard v. State, Tex.Cr. App., 387 S.W.2d 387. Further, as in Mays v. State, supra, it was appellant rather than the state who elicited the unresponsive answer of the witness. See Rogers v. State, Tex.Cr.App., 420 S.W.2d 714. No error is shown.

■ Appellant complains that the classification of marihuana in the Narcotic Drug Regulations Act with its attendant punishment and sentencing provisions is

arbitrary and deprives the appellant convicted thereunder of equal protection of law.

This contention was answered adversely to appellant in Reyna v. State,[1] Tex.Cr. App., 434 S.W.2d 362, where it was said:

"the inclusion of marihuana in the statutory definition of 'narcotic' in a class with heroin and other physically addicting drugs is not an unreasonable and arbitrary classification violative of due process and equal protection of the law. People v. Stark, 157 Colo. 59, 400 P.2d 923; Spence v. Sacks, 173 Ohio St. 419, 183 N.E.2d 363; Locke v. State, 168 Tex.Cr.R. 507, 329 S.W.2d 873, supra; State v. Page, 395 S.W.2d 146 (Mo.); Jenkins v. State, 215 Md. 70, 137 A.2d 115; People v. Mistriel, 110 Cal.App.2d 110, 241 P.2d 1050; People v. Woody, 61 Cal.2d 716, 40 Cal.Rptr. 69, 394 P.2d 813."

The judgment is affirmed.

Opinion approved by the Court.

---

1. In citing Reyna v. State with approval, we are not unaware of recent contrary decisions by courts of other jurisdictions. See People v. McCabe, 49 Ill.2d 338, 275 N.E.2d 407, (Ill.Sup.Ct.1971); People v. Sinclair, 194 N.W.2d 878 (Mich.Sup. Ct.1972); State v. Kantner, 493 P.2d 306, 10 Cr.L. 2321 (Hawaii 1972).