

NUMBER 13-11-00367-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOHNNY FONSECA,                                                      Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

On appeal from the 25th District Court
of Gonzales County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion by Justice Perkes**

Appellant, Johnny Fonseca, appeals his conviction for aggravated assault with a deadly weapon, a second degree felony. See TEX. PENAL CODE ANN. § 22.02 (West 2011). A jury found appellant guilty and assessed punishment at 27 years confinement in the Texas Department of Criminal Justice, Institutional Division. By two issues, appellant argues that the trial court erred by: (1) not admitting testimony of potentially

exculpatory information that the State objected to on hearsay grounds; and (2) denying appellant's motion for mistrial.   We affirm.

## I.   FACTUAL AND PROCEDURAL BACKGROUND[1]

Fernando Gloria was shot in the left side of his chest, requiring extensive medical treatment.   Although Fernando testified that he did not remember any details of the shooting, his wife, Yvonne Macias, testified that she and Fernando had been standing and talking outside the house of Fernando's brother, Jaime Gloria, at about midnight, and Fernando was shot after appellant approached the house and lifted his right hand, as if pointing, which immediately preceded the gunshots.   Jaime Gloria testified that he saw appellant exit a vehicle in which he had been a passenger and start shooting.

John Gloria, another brother of Fernando, testified that he was outside the house when he saw appellant get out of a vehicle holding a handgun.   According to John, none of the persons accompanying appellant nor of the family and friends at Jaime's house possessed a gun.   He testified that appellant "just aimed toward the house, and he shot." Kathryn Macias, who was dating Jaime Gloria at the time, testified she clearly saw appellant produce a handgun "from behind his back and start shooting."   She stated appellant then ran back to the vehicle in which he had been riding, and the car "took off."

John called 9-1-1, upon discovering that Fernando was shot.   Police officers responded to the scene, followed by EMS.   Fernando was taken to a hospital, where doctors attended to him for almost two weeks before finally discharging him.

---

[1]   Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.   *See* TEX. R. APP. P. 47.4.

The jury returned a guilty verdict for the offense of aggravated assault, and this appeal followed.

## II. EXCLUSION OF HEARSAY EVIDENCE

By his first issue, appellant contends the trial court erred by not admitting certain testimony from Police Captain James Allen Taylor of the City of Gonzales Police Department. Specifically, appellant's attorney asked Captain Taylor on cross-examination whether the Luling Police Department had contacted him. The State objected on hearsay, improper foundation, and relevance grounds. Outside the presence of the jury, appellant's attorney conducted a voir dire examination of Captain Taylor.

During the voir dire examination, Captain Taylor testified that an investigator at the Luling Police Department had contacted him and informed him that "one of their officers had made a traffic stop and had gotten information that they [sic] may have possibly been involved in the shooting here in Gonzales." Captain Taylor confirmed that he reviewed photographs of text messages related to the traffic stop, but testified that he could not recall the contents of the text messages. After the voir dire examination, the trial court sustained the State's hearsay objection.

Appellant asserts the trial court erred in not admitting Captain Taylor's testimony, arguing the statements in the text messages fall under the excited utterance exception to hearsay. This contention, however, was not presented to the trial court. In order to have evidence admitted under a hearsay exception, it is the responsibility of the proponent, not the trial court, to specify the exception. *See Reyna v. State*, 168 S.W.3d

3

173, 177 (Tex. Crim. App. 2005); *Willover v. State*, 70 S.W.3d 841, 845–46 (Tex. Crim. App. 2002). Appellant's failure to give the trial judge an opportunity to rule on the argument now presented precludes appellant from making the argument for the first time on appeal. *See Johnson v. State*, 925 S.W.2d 745, 750 (Tex. App.—Fort Worth 1996, writ ref'd). Since appellant's argument does not comport with his complaint at trial, appellant has preserved nothing for review. *See* TEX. R. APP. P. 33.1(a). We overrule appellant's first issue.

### III. DENIAL OF MOTION FOR MISTRIAL

By his second issue, appellant argues the trial court reversibly erred by denying the motion for mistrial that he requested after a witness, under questioning by the State, testified that appellant was previously incarcerated. We disagree.

### A. Standard of Review

We review the trial judge's denial of appellant's motion for mistrial under an abuse of discretion standard. *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010); *Espinosa v. State*, 328 S.W.3d 32, 38 (Tex. App.—Corpus Christ 2010, pet. ref'd). We review the evidence in the light most favorable to the trial court's ruling. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). We will uphold the trial court's ruling as long as it is within the zone of reasonable disagreement. *Coble*, 330 S.W.3d at 292; *Ocon*, 284 S.W.3d at 884; *Espinosa*, 328 S.W.3d at 38.

### B. Applicable Law

A mistrial is an extreme remedy, and "[o]nly in extreme circumstances, where the prejudice is incurable, will mistrial be required." *Hawkins v. State*, 135 S.W.3d 72, 77

4

(Tex. Crim. App. 2004) (en banc). "A mistrial is the trial court's remedy for improper conduct that is 'so prejudicial that expenditure of further time and expense would be wasteful or futile.'" *Id.* (quoting *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)). "Therefore, a mistrial should be granted only in the cases where the 'reference was clearly calculated to inflame the minds of the jury or was of such damning character as to suggest it would be impossible to remove the harmful impression from the juror's minds.'" *Young v. State*, 283 S.W.3d 854, 878 (Tex. Crim. App. 2009) (quoting *Rojas v. State*, 986 S.W.2d 241, 250 (Tex. Crim. App. 1998)). Otherwise, sound discretion normally requires the trial judge to consider less drastic alternatives. *Torres v. State*, 614 S.W.2d 436, 442 (Tex. Crim. App. 1981) (panel op.).

Regarding a witness's reference to a defendant's prior incarceration, the Texas Court of Criminal Appeals has previously held:

> [O]ur research also reveals that error will not necessarily be reflected in every unresponsive answer by a State's witness which implicates a reference to the fact that a defendant has been "sent to" or incarcerated in the penitentiary. Even where such prejudicial information is inadvertently placed before a jury, the general rule is still that an instruction by the trial judge to the jury to disregard such answer will be sufficient to cure any unresponsive answer.

*Tennard v. State*, 802 S.W.2d 678, 685 (Tex. Crim. App. 1990) (quoting *Williams v. State*, 643 S.W.2d 136, 138 (Tex. Crim. App. 1982)); *see Fuller v. State*, 827 S.W.2d 919, 926 (Tex. App.—Houston [1st Dist.] 1992, no pet.) (citations omitted); *see also Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000) (holding that a prompt instruction to disregard will cure a witness's inadvertent reference to an extraneous offense).

## C.  Discussion

Appellant moved for mistrial based on the following excerpt from the State's cross-examination of Joe Fonseca, appellant's nephew:

> **Q:**  You don't want to see him [appellant] get in trouble, do you?
>
> **A:**  No, sir, I don't.
>
> **Q:**  You don't want to see him go to prison?
>
> **A:**  No.  He's been there for almost half his life already.

Outside the presence of the jury, appellant's counsel urged for mistrial because "the prejudicial effect [of the reference to appellant's prior incarceration] on my client at this time in this trial was so severe, that there's no way that he can get a fair trial in front of these jurors . . . ."  Appellant's attorney acknowledged that the question was not intended to elicit the complained-of response.  Counsel, however, decided not to pursue an instruction to disregard for fear that such an instruction would emphasize the testimony, rather than cure it.  The trial court denied appellant's motion for mistrial.

Appellant contends that the trial court abused its discretion by not granting his motion for mistrial because the incarceration "reference at this stage of the trial was so highly prejudicial and incurable . . . ."  We are not so persuaded.  The question, which the State asked of other defense witnesses, was not designed to elicit the non-responsive answer, and appellant does not contend that it was.  The answer to the question was not calculated to inflame the minds of the jury; the reference was made by appellant's nephew.  *See Wilson v. State*, 90 S.W.3d 391, 395 (Tex. App.—Dallas 2002, no pet.) ("The witness's reference to [the defendant's] previous incarceration was not so

6

calculated to inflame the minds of the jury . . . ."). Nor was the statement of "such damning character" that it "would be impossible to remove the harmful impression from the juror's minds" through an instruction to disregard. *See Young*, 283 S.W.3d at 878; *Ladd*, 3 S.W.3d at 567; *Wilson*, 90 S.W.3d at 395.

That appellant opted against requesting the instruction to disregard does not, by the process of elimination of curative measures, constrain the trial court to grant appellant's motion for mistrial. *See Hunter v. State*, 481 S.W.2d 806, 807 (Tex. Crim. App. 1972) (upholding trial court's denial of defendant's mistrial motion because, although the defendant did not request an instruction for the jury to disregard, such instruction could have cured any harm). We overrule appellant's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
28th day of March, 2013.

7